NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMARIO ROBERTS, Inmate #398950; et al., | No.    19-35846 |
| Plaintiffs-Appellants, | D.C. No. 2:18-cv-00837-RSM |
| v. | MEMORANDUM* |
| STEPHEN SINCLAIR, in his official capacity as Secretary of the Washington Department of Corrections; et al., | |
| Defendants-Appellees, | |
| and | |
| JULIE MARTIN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Argued and Submitted December 10, 2020
Seattle, Washington

Before:  McKEOWN, HUNSAKER, and BUMATAY, Circuit Judges.

Demario Roberts, Mohamed Mohamed, Jeremy Livingston, Naim Lao, and

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

John James are current and former prisoners within the Washington Department of Corrections ("WDOC"). They appeal the district court's denial of their motion for summary judgment and the grant of summary judgment to WDOC officials in connection with the provision of Ramadan-compliant meals and, in the case of one prisoner, a gluten-free Ramadan diet based on medical needs. The parties are familiar with the facts, so we discuss them below only as relevant. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (en banc). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), "requires that a prisoner challenging prison conditions exhaust available administrative remedies before filing suit." *Id.* at 1165. The Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, "incorporates the administrative exhaustion requirements of the [PLRA]." *Fuqua v. Ryan*, 890 F.3d 838, 844 (9th Cir. 2018). But the PLRA has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S. Ct. 1850, 1855 (2016). An administrative remedy is not available if "it operates as a simple dead end— with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; if the administrative scheme is so opaque "that no ordinary prisoner can make sense of what it demands"; or if "prison administrators thwart inmates from

taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859–60.

None of the prisoners fully exhausted the available administrative remedies. While James may have pursued the grievance process on an earlier claim, he did not exhaust the administrative process for his 2018 Ramadan grievance until after the amended complaint adding him to the case was filed, which means that his claims may not proceed. *See Cano v. Taylor*, 739 F.3d 1214, 1219–20 (9th Cir. 2014) (holding that a prisoner must exhaust prior to bringing suit or, in some situations, before the filing of an amended complaint). Because Mohamed, Roberts, Livingston, and Lao could have appealed their grievances through the routine grievance process, they did not face a situation where they were unable to "pursue the necessary sequence of appeals." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). We are not in accord with the district court's conclusion that the appeals process may not have been "made sufficiently clear to" Livingston and Lao. "[P]rocedures need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning." *Ross*, 136 S. Ct. at 1859. Livingston and Lao do not advance this theory on appeal, and, as noted, they could have exhausted their claims by pursuing the routine appeals process. Administrative procedures therefore remained "available" to Mohamed, Roberts, Livingston, and Lao, but they did not exhaust their grievances. *See id.* at 1859–60.

Consequently, none of the prisoners' claims may proceed, and the WDOC officials were entitled to summary judgment.[1]

**AFFIRMED.**

---

[1] Because the case is resolved on exhaustion grounds, Defendants-Appellees' motion to supplement the record on appeal, Dkt. No. 23, is denied.